**SO ORDERED.**
**SIGNED 16th day of March, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**



**Nancy B. King**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **IN RE:** ) | |
| ) | |
| **CHERLEE DAWN STREET,** ) | **Case No. 3:25-bk-00898** |
| ) | **Chapter 7** |
| **Debtor.** ) | **Judge Nancy B. King** |
| ) | |
| ) | **Adversary No: 3:25-ap-90026[1]** |
| **CHERLEE DAWN STREET,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **NICHOLAS STREET,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Nicholas Street's ("Ex-husband") Motion for Summary

Judgment seeking judgment as a matter of law that the obligations owed by his ex-wife, Cherlee

---

[1] On December 3, 2025, *Street v. Street* (*In re Street*), Adv. No. 3:25-ap-90057, was consolidated with the above-styled adversary. [Pretrial Order, Dkt. No. 13].

Dawn Street ("Ex-wife"), are nondischargeable under 11 U.S.C. §§ 523(a)(5)[2] and (a)(15). Ex-wife filed a response in opposition, and both parties supported their positions with conflicting affidavits. For the reasons that follow, Ex-husband's Motion for Summary Judgment is denied.

## I. BACKGROUND

This dispute arises from the parties' divorce decree dated September 8, 2022. Neither the Motion nor the Response included a factual recitation, but both parties included affidavits claiming that the debts at issue are or are not nondischargeable.

Ex-husband alleges that the debt is nondischargeable as a divorce-related obligation under 11 U.S.C. § 523(a)(15). The obligation of $11,924.42 is a post-divorce judgment against Ex-wife resulting from certain expenses related to the court-ordered sale of the parties' marital home.

Ex-wife contends the obligations are not in the nature of support and are dischargeable, and she further asserts that there is a genuine dispute of material facts as to the character and dischargeability of the debts. Although Ex-husband disputes those assertions and seeks to declare the debt nondischargeable, his Motion cites law from an incorrect jurisdiction and provides no statement of undisputed material facts. *See* Fed. R. Civ. P. 56(c).

## II. DISCUSSION

Federal Rule of Civil Procedure 56, made applicable in Bankruptcy by Federal Rule of Bankruptcy Procedure 7056, governs a request for summary judgment and provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The

---

[2] Ex-husband raises 11 U.S.C. § 523(a)(5) as a basis for relief for the first time in his Motion for Summary Judgment. This claim was not raised in the Complaint and is not listed as an issue in the Joint Pretrial Statement. As such, summary judgment based on 11 U.S.C. § 523(a)(5) is neither appropriate nor available to Ex-husband, and the Court will only address whether summary judgment should be granted based on 11 U.S.C. § 523(a)(15) in this Order.

2

party requesting summary judgment bears the burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The opposing party must then "come forward with specific facts showing that there is a genuine issue for trial." *Mounts v. Grand Trunk W. R.R.*, 198 F.3d 578, 580 (6th Cir. 2000) (citation omitted).

After a thorough review, the Court must deny the Motion for Summary Judgment. Ex-husband's affidavit contends that the judgment resulted from payments he made to maintain housing and basic living conditions and were intended to "function as financial support." [Motion for Summary Judgment, Adv. Dkt. No. 15, Exhibit 1, at 2, ¶ 6]. Ex-wife's affidavit asserts that any payments were "not based on need, support, or maintenance, but rather on allocation of marital expenses and assets." [Debtor's Affidavit, Adv. Dkt. No. 17, at 2, ¶ 9].

The Court finds that Ex-husband's Motion, which is deficient as a proper pleading by not including law from the correct jurisdiction and by its overall paucity of information, did not show that he is entitled to a judgment as a matter of law. Furthermore, material factual disputes exist regarding the nature and purpose of the obligations at issue under 11 U.S.C. § 523(a)(15) Accordingly,

**IT IS ORDERED** that Ex-husband's Motion for Summary Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will hold the second pretrial conference as scheduled for April 7, 2026, and provided for in the Pretrial Order. [Pretrial Order, Adv. Dkt. No. 13].

**IT IS SO ORDERED.**

<div style="border:1px solid black;">

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE**

</div>